KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—March, 1883.

BRUSH v. SMITH.

*In the matter of the judicial settlement of the account of* JOHN C. SMITH *and another, as surviving trustees under the will of* CONKLIN BRUSH, *deceased.*

The fact that testamentary trustees have made up their account at the end of each year, for a number of years, does not constitute a judicial settlement thereof, so as to entitle them to charge commissions.

Testamentary trustees cannot have full commissions annually upon their testator's estate, where they have not annually settled their account pursuant to an order of the Surrogate's court.

The commissions of two or more testamentary trustees must be computed upon the aggregate sums received and paid out by all, and not upon the particular amounts paid out by each.

APPLICATION by John C. Smith and Henry N. Brush for commissions, upon the settlement of the decree on the judicial settlement of their account, as surviving trustees under decedent's will; opposed on behalf of Rozabella Brush and other infants, next of kin of decedent. The facts appear sufficiently in the opinion.

HERBERT C. SMITH, *for trustees.*

BERGEN & DYKMAN, *for Brooklyn Trust Co., general guardian.*

THE SURROGATE.—The only question submitted for my consideration in this matter is: "Have the trustees the right, in making up their accounts, to make annual rests, and charge their full commissions at each rest?"

The Brooklyn Trust Company, the guardian for Rozabella Brush, Maria L. Brush and Minnie Brush, three minor children of Francis V. Brush, a deceased son, objects to the amount of the commissions the trustees credit themselves with. It appears, from the accounts which the trustees filed in this office for a judicial settlement of the same, that the trustees have made up their accounts annually, and charged the estate, at each annual rest, full commissions. In my opinion, they were wrong in so doing, for they were not required by any order of the Surrogate, to settle their accounts annually. Such commissions can only be charged annually, where the trustees are directed, by some order of the Surrogate, to render their accounts annually for the purpose of charging them with interest on the balance left in their hands. Annual rests in the accounts of a trustee cannot be taken for the purpose of allowing him commissions at full rates upon the balance then found (Morgan v. Hannas, *13 Abb., N. S., 369*).

The fact that they made up their accounts at the end of each year did not judicially settle them, for they are now before the Surrogate for the first time, as trustees, for judicial settlement, and every item in their accounts since 1872 is still open for objection, and the Surrogate is now asked to pass upon the same, so that it cannot be said that the accounts have been annually settled.

In Wheelwright v. Wheelwright (*2 Redf.*, *502*), Surrogate CALVIN says: "I am of the opinion that the statute (referring to L. 1866, ch. 115) does not contemplate that the executor or administrator will, at his own pleasure, appropriate the funds belonging to the estate as commissions, but that they do not become commissions, and are not set apart from the body of the estate until there is a settlement of their accounts;" and again, in Whitney v. Phœnix (*4 Redf.*, *180*), and in Freeman v. Freeman (*id.*, *215*), the same Surrogate says that executors are only entitled to commissions on the settlement of their accounts and the allowance thereof by the Surrogate thereon.

It is true that the estate is large, and all the adult parties have consented to the annual charge for commissions, as the same is contained in the trustees' accounts, but in this case there are infants who cannot consent, and, to the extent of their share, the charge for commissions must be modified. The personal estate being in excess of one hundred thousand dollars, each trustee is entitled to his full commissions (Code Civ. Pro., § 2736). The commissions must be computed upon the aggregate sums received and paid out by all, and not upon the specific amounts paid out by each (Valentine v. Valentine, *2 Barb.*, *Ch.*, *430*), and such commissions must be

calculated pursuant to L. 1863, ch. 362, § 8, and paid out of the body of the estate. The trustees, in this case, I am satisfied, did not intend to make any illegal charge, but were simply mistaken as to the amount they were legally authorized to charge.

Let the decree be modified in accordance with this opinion, and be entered on two days' notice.